STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: B.R. & C.R.**

**No. 13-0351** (Mingo County 12-JA-36, 12-JA-37, 12-JA-38, & 12-JA-39)

MEMORANDUM DECISION

Petitioner Father, by counsel David R. Barney Jr., appeals the Circuit Court of Mingo County's March 11, 2013 order terminating his parental rights to B.R. and C.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed its response in support of the circuit court's order. The guardian ad litem, Diana Carter Wiedel, filed a response on behalf of the children supporting the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges (1) that the circuit court erred in finding that he abandoned his children, (2) that the Uniform Family Case Plans entered below were legally and factually deficient, (3) that the circuit court erred in finding there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future, and (4) that the circuit court denied him a full and fair dispositional hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Sometime in 1999, petitioner pled guilty to two counts of sexual abuse by a parent, guardian, or custodian and was sentenced to consecutive five to fifteen year terms of incarceration. While petitioner was incarcerated for these crimes, the DHHR filed its initial petition on May 29, 2012, alleging that the children's mother was not providing the children with adequate supervision and that petitioner was serving a long term of incarceration. On June 19, 2012, the circuit court held an adjudicatory hearing during which it found that petitioner had neglected the children by his failure to intervene and protect them. Additionally, the circuit court found that petitioner had abandoned the children. During a later hearing, the circuit court ordered that petitioner undergo a psychological evaluation. After a dispositional hearing in November of 2012, the children were returned to the legal and physical custody of their mother. In February of

---

[1] The circuit court proceedings concerned two additional children who are not petitioner's biological children. Petitioner addresses only B.R. and C.R. in his petition for appeal. Accordingly, only B.R. and C.R. are addressed in this memorandum decision.

2013, the circuit court held a dispositional hearing as to petitioner and terminated his parental rights. Petitioner appeals from the order terminating his parental rights.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. To begin, the Court declines to address petitioner's assignment of error related to the circuit court's finding that petitioner abandoned his children. While petitioner argues that incarceration, per se, is insufficient to support a finding of abandonment, the Court notes that it is unnecessary to analyze this assignment of error for purposes of this appeal because, in addition to the finding of abandonment, the circuit court also found that petitioner's failure to protect the children constituted neglect. As such, petitioner is an abusing parent as that term is defined in West Virginia Code § 49-1-3(2), and the circuit court properly adjudicated him as such. Further, in its dispositional order terminating petitioner's parental rights, the circuit court did not make any findings regarding abandonment or rely on the prior finding of abandonment in reaching its decision to terminate. As such, it is clear that the finding of abandonment was unnecessary in regards to the circuit court terminating petitioner's parental rights, and we decline to address the propriety of the finding on appeal.

Second, the Court finds no merit in petitioner's argument that the Family Case Plan in the circuit court was legally or factually deficient. It is important to note that there is no evidence in the record that petitioner objected to any alleged deficiency with the case plan below. We have previously held that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)).

While petitioner argues that the case plan "failed to establish, by clear and convincing evidence, that termination was warranted," the Court notes that there is no requirement in the

West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, or any other authority, that Family Case Plans contain information sufficient to satisfy this burden. To the contrary, the Court has previously addressed the clear and convincing standard in the context of abuse and neglect proceedings as follows:

> "W.Va.Code, 49–6–2(c) [1980], requires the State Department of Welfare [now the Department of Health and Human Resources], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 3, *In re Randy H.*, 220 W.Va. 122, 640 S.E.2d 185 (2006). For these reasons, the Court declines to find error in regard to the case plans submitted below.

As to petitioner's assignment of error regarding the appropriateness of the dispositional hearing, the Court finds no violation of petitioner's due process rights. While petitioner argues that the circuit court should have granted a continuance because his counsel was appointed only three weeks prior to the dispositional hearing and did not obtain the case file until the day of the hearing, the record shows that the file was available for copying and counsel had sufficient time to obtain and review the same in anticipation of the hearing. Further, the Court finds no merit in petitioner's argument that alleged hearsay evidence introduced during the dispositional hearing constituted error. Specifically, petitioner argues that he should have been allowed to subpoena his children to testify as to their wishes for disposition because the only evidence in this regard was provided by a Child Protective Services (CPS) worker. However, in regard to children testifying in such cases, Rule 8(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings states, in pertinent part, that

> there shall be a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony and the court shall exclude this testimony if the potential psychological harm to the child outweighs the necessity of the child's testimony. Further, the court may exclude the child's testimony if (A) the equivalent evidence can be procured through other reasonable efforts . . . .

In this case, it is clear that it was not error to deny petitioner's request for the children to testify because the psychological harm of such testimony far outweighed its necessity. Requiring the children to testify was simply unnecessary in light of the equivalent testimony provided by various DHHR employees who had discussed the children's wishes with them in anticipation of the dispositional hearing. The circuit court specifically found that "[t]he subject children are fearful of contact with [petitioner]," and that "[petitioner's] prior contact with the subject children has contributed to the subject children's emotional problems." For these reasons, it is clear that petitioner was unable to rebut the presumption that the potential psychological harm to the

3

children outweighed the necessity of the children's testimony, especially in light of the equivalent evidence available.

Petitioner additionally asserts error in the holding of the dispositional hearing in regard to the report of his psychological evaluation. As support, petitioner asserts that the psychologist recommended he receive supervised visitation with his children. However, the Court finds no error in this regard because the circuit court would not be bound to follow any such recommendation if made. Further, contrary to petitioner's argument that the report recommends that his parental rights not be terminated, the report simply does not contain a recommendation as to a final disposition in this matter. Specifically, the report recommends that "all visits with [petitioner's] children *if granted by the courts* be supervised" because of his conviction for sex crimes against minors and his "long standing drug dependence problems." (emphasis added). As such, the Court finds no error in the circuit court's decision to deny petitioner a continuance to subpoena the psychologist's testimony or in limiting cross-examination of a DHHR employee as to the report.

Finally, the Court finds no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future. Specifically, the circuit court found that petitioner was "presently unwilling or unable to adequately care for the subject children's needs" based upon his incarceration and the fact that "[petitioner] has participated in at risk behaviors that have endangered the subject children." West Virginia Code § 49-6-5(b)(3) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future includes one wherein "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Because petitioner was unable to properly care for the children, the circuit court's finding is not error. Based upon this finding, as well as the evidence that terminating petitioner's parental rights was necessary for the children's welfare, the circuit court correctly terminated petitioner's parental rights as required by West Virginia Code §49-6-5(a)(6).

Most importantly, however, we have previously held that "'[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided.' Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)." Syl. Pt. 3, *In re Frances J.A.S.*, 213 W.Va. 636, 584 S.E.2d 492 (2003). In this case, it is clear that the children's best interests necessitated termination of petitioner's parental rights, especially in light of the circuit court's findings that the children are fearful of contact with petitioner and that prior contact with the children had contributed to their emotional problems. For these reasons, the Court finds no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 11, 2013 order is hereby affirmed.

4

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II