640 S.E.2d 185

**In re: RANDY H., April G., Brittany T., and Megan H.**

**No. 33086.**

Supreme Court of Appeals of West Virginia.

Submitted: Oct. 3, 2006.

Decided: Nov. 30, 2006.

Joyce E. Stewart, Esq., Saville & Stewart, Romney, for Appellant Brittany T.

Marla Zelene Harman, Esq., Franklin, Guardian Ad Litem for Appellants Randy H., and April G.

Patricia L. Kotchek, Esq., Geary & Geary, Petersburg, for Appellee Lucinda H.

Darrell V. McGraw, Jr., Attorney General, C. Carter Williams, Assistant Attorney General, Petersburg, for Appellee West Virginia Department of Health & Human Resources.

STARCHER, J.

In this appeal from the Circuit Court of Hardy County, we are asked to examine a brief order dismissing a petition alleging abuse and neglect of four children. As set forth below, we reverse the circuit court's dismissal order, and remand the case for additional proceedings.

I.

*Facts & Background*

On July 28, 2005, the Department of Health and Human Resources ("the DHHR") filed an abuse and neglect petition that initiated this case. The petition alleged that the respondent, Lucinda H.,[1] had through her actions placed four children in her custody— Megan H., Brittany T., April G., and Randy H.[2]—in imminent danger. Lucinda H. was well known to the DHHR, as she had been the subject of at least twenty-seven referrals since 1997, and her parental rights to six other children had previously been terminated (four voluntarily, two involuntarily).

In its petition, the DHHR alleged that on July 25, 2005, eight-year-old Brittany took four-year-old April and two-year-old Randy into the bathroom, locked the door and gave them a prescription drug. The person watching the children at the time, a thirty-five-year-old registered sex offender named Kevin P., called 911 and the children were taken to a hospital for treatment. Hospital personnel found that the children had a lice infestation, and found that April had a yeast infection, had bruising on her inner thigh, and acted in a manner suggestive of sexual abuse. Hospital personnel also saw Kevin P. holding hands and acting affectionate toward the oldest child, sixteen-year-old Megan, in the hospital waiting area. The DHHR applied for and received an emergency order from the circuit court, and immediately took custody of all four children.

The DHHR appears to have visited Lucinda H.'s residence, and Lucinda H. complied with the DHHR's suggestions. A counselor from Family Preservation Services described Lucinda H. as cooperative, the home as neat and hygienic, provided with utility service, appropriately furnished with food in a clean kitchen, and appropriate for young children. More importantly, the counselor found that Lucinda H. had child-proofed the home, and had placed medications in a lockbox which was locked, with the keys put away so the children in the household could not get to them.

On August 2, 2005, the DHHR stated that it could not present testimony or other evidence in support of its petition, and moved to dismiss the petition. The circuit court denied the motion, but returned the children to Lucinda H.'s custody.

On September 8, 2005, the respondent moved to dismiss the petition "for lack of presentation of testimony." The DHHR agreed with the motion and "indicated that the Respondent [Lucinda H.] had complied with services, and stated that they were prepared to dismiss the petition."

The guardians *ad litem* for the children, however, objected and demanded a deeper investigation of the case by the DHHR because of the numerous prior referrals and

---

1. We follow our traditional practice in cases involving sensitive facts and use initials to identify the last names of the parties. *See In re Jeffrey R. L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993).

2. Respondent Lucinda H. was the custodian and mother of the oldest of the four children, Megan H., who was sixteen years old. The next oldest child in the respondent's custody, Brittany T. (age eight), was the daughter of Rhonda G. and Charles T. (a man apparently unrelated to the respondent, but who was also raised by the respondent). The third child, April G. (age four), is the child of Rhonda G. and James G. The fourth child in the respondent's custody is Randy H. (age two), who is the child of the respondent's twenty-six-year-old daughter Mary Ann C. and the respondent's now-ex-husband Simon H.

The DHHR's petition in this case also appropriately names as respondents, in addition to Lucinda H., the various natural parents of the children: Calvin H., Rhonda G., Charles T., James G., Mary Ann C., and Simon H.

terminations involving Lucinda H. Further, it appears that the guardians *ad litem* were concerned that Lucinda H. was endangering the children by exposing them to known sex offenders. The guardians *ad litem* assert that, in addition to Kevin P., the respondent associated with Calvin H.—Megan's natural father—who was also a registered sex offender. Further, they assert that the respondent's ex-husband, Simon H., is a convicted sex offender who might return to live in the respondent's household after a term in prison; while the record is unclear, it appears that Simon H. pleaded guilty to the offense of "lewd and lascivious behavior" apparently arising from his affair with a person to whom he was not married: Lucinda H.'s twenty-six-year-old daughter Mary Ann. C. *See W.Va.Code,* 61–8–4 [1923].

The DHHR subsequently amended the petition to allege aggravated circumstances. However, the DHHR presented no additional evidence in support of the petition.

On November 3, 2005, over the objections of the guardians *ad litem,* the circuit court dismissed the amended petition in a brief order. The order states:

Whereupon, the Court heard statements from all parties in regards to the status of this matter.

Whereupon, the Counsel for Respondent Lucinda [H.] made a Motion to Dismiss the Amended Petition. Thereafter, counsel for the children objected to this Motion; said objection appears more fully in the official tape recordings of these proceedings.

After due consideration, the Court GRANTED the Motion to Dismiss; counsel for the children's objection thereto was noted and saved.

The guardians *ad litem* now appeal that order, and ask this Court to compel the circuit court to conduct a more thorough review of the case. The DHHR did not file a petition for appeal, but has submitted a letter indicating that the DHHR does not oppose the relief sought by the guardians *ad litem.*

II.

*Discussion*

█ Two principles guide our deliberations in this case. First, the findings of a circuit court in an abuse and neglect case will not be set aside by a reviewing court unless they are clearly erroneous—that is, although there is evidence to support the findings, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Syllabus Point 1, *In the Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996). Second, "[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." Syllabus Point 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996).

The respondent, Lucinda H., argues that, in five hearings over two months, the DHHR produced no testimony in support of its petition. Counsel for the respondent asserts that she remedied the situation complained of in the petition, mainly by placing locks on the prescription medication in the house. The respondent therefore contends that the circuit court did not abuse its discretion in dismissing the DHHR's petition.

The guardians *ad litem* for the children, however, do not dispute the respondent's position. Instead, the guardians *ad litem* assert that the DHHR failed to fully investigate the possibility that Lucinda H. may be exposing the children in her care to future harm from the various sex offenders with whom she associates. The guardians *ad litem* argue that the respondent failed to prove, by clear and convincing evidence, that she was committed to providing a safe environment for the children.

█ The burden of proof is statutorily placed upon the proponent of the allegations contained in the petition alleging abuse and neglect, namely the DHHR. *See W.Va.Code,* 49–6–2(c) [2006] (the circuit court must make findings of fact and conclusions of law "based upon conditions existing at the time of the filing of the petition and proven by clear and convincing proof."). *See also,* Syllabus Point 1, *In Interest of S.C.,* 168 W.Va. 366, 284 S.E.2d 867 (1981); ("*W.Va.Code,* 49–6–2(c) [1980], requires the State Department of

Welfare [now the Department of Health and Human Resources] in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition ... by clear and convincing proof.' "). *In accord,* Syllabus Point 1, *West Virginia Department of Human Services v. Peggy F.,* 184 W.Va. 60, 399 S.E.2d 460 (1990) *(per curiam )*; Syllabus Point 3, *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692 (1995); Syllabus Point 3, *State v. Julie G.,* 201 W.Va. 764, 500 S.E.2d 877 (1997).

We are moved, however, by the argument of the guardians *ad litem* that the DHHR failed to act upon the allegations that further harm might come to the children because of respondent Lucinda H.'s alleged association with several sex offenders. We believe, from our review of the abuse and neglect statutes and procedural rules, that the circuit court had the authority to compel the DHHR to further investigate these allegations and had a duty to make findings of fact and conclusions of law regarding those allegations.

Abuse and neglect cases are troublesome to this Court because of "the very nature of the painful issues involved." *In re Jeffrey R.L.,* 190 W.Va. 24, 35–36, 435 S.E.2d 162, 173–74 (1993). Although courts are expected to give the highest priority and degree of attention to child abuse and neglect cases, we are still compelled to "explore stronger approaches to facilitate the fair and expeditious handling of child abuse and neglect cases." *Id.*

Recent amendments to the *Rules of Procedure for Child Abuse and Neglect Proceedings*—in conjunction with similar amendments to the *Rules of Practice and Procedure for Domestic Violence Civil Proceedings* and the *Rules of Practice and Pro-*

*cedure for Family Court*—have emphasized that judges are to take a pro-active role in facilitating the prompt, fair, but thorough resolution of cases which involve the abuse or neglect of a minor child.[3] For example, Rule 3a of the *Rules of Procedure for Child Abuse and Neglect Proceedings* [2006], states that when a circuit court receives a written report of potential abuse or neglect from a family court judge, the circuit court is required to enter an administrative order "directing the Department [of Health and Human Resources] to submit to the court an investigation report or appear before the court in not more than 45 days ... to show cause why the Department's investigation report has not been submitted[.]" The DHHR can then submit a report of its investigation, or—if the circumstances warrant—file an abuse and neglect petition. If the DHHR chooses not to file a petition, but the circuit court believes that the information presented "suggest[s] circumstances upon which the Department would have a duty to file a civil petition," the circuit court may then issue a show-cause order to determine whether the DHHR has erred in its choice.

 Furthermore, we believe that the protection-oriented concerns that undergird our cases and rules in this area clearly dictate that if a circuit court discerns that the evidence developed during an abuse or neglect proceeding is suggestive of additional abuse or neglect not encompassed by the allegations contained in the DHHR's petition, then the circuit court has the discretion to compel the DHHR to amend its petition to encompass that evidence. As we stated in Syllabus Point 4 of *State v. Julie G.,* 201 W.Va. 764, 500 S.E.2d 877 (1997):

---

**3.** For example, Rule 48 of the *Rules of Practice and Procedure for Family Court* [2006] states that, if a family court judge has reasonable cause to believe a minor child involved in a proceeding before the court has been abused or neglected, then the judge must do two things. First, the judge must send a written report of the suspected abuse or neglect to the DHHR. Second, the judge must send a copy of the written report to the appropriate circuit judge and the prosecuting attorney. The family court judge retains jurisdiction over the minor child until the DHHR and/or the circuit court acts upon the reported abuse or

neglect. *See also,* Rule 16a of the *Rules of Practice and Procedure for Domestic Violence Civil Proceedings* [2006] (stating that if, during the course of a domestic violence proceeding a family court judge "has reasonable cause to suspect any minor child involved in the proceedings has been abused or neglected," then the judge must make a report as set forth in Rule 48).

Rule 48 goes on to require the DHHR to investigate the family court judge's report, and promptly report back to the family court, the circuit court, and the prosecutor what action, if any, should be taken.

Under Rule 19 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, amendments to an abuse/neglect petition may be allowed at any time before the final adjudicatory hearing begins. When modification of an abuse/neglect petition is sought, the circuit court should grant such petition absent a showing that the adverse party will not be permitted sufficient time to respond to the amendment, consistent with the intent underlying Rule 19 to permit liberal amendment of abuse/neglect petitions.

*See also, Rules of Procedure for Child Abuse and Neglect Proceedings* Rule 19 [1997] ("The court may allow the petition to be amended at any time until the final adjudicatory hearing begins[.]")

■ To facilitate the prompt, fair and thorough resolution of abuse and neglect actions, we therefore hold that if, in the course of a child abuse and/or neglect proceeding, a circuit court discerns from the evidence or allegations presented that reasonable cause exists to believe that additional abuse or neglect has occurred or is imminent which is not encompassed by the allegations contained in the Department of Health and Human Resource's petition, then pursuant to Rule 19 of the *Rules of Procedure for Child Abuse and Neglect Proceedings* [1997] the circuit court has the inherent authority to compel the Department to amend its petition to encompass the evidence or allegations.

Furthermore, the statutes and rules pertaining to abuse and neglect actions mandate that a circuit court make findings of fact and conclusions of law, in writing or on the record, as to whether or not a child is abused and/or neglected. *See, e.g., W.Va.Code,* 49-6-2(c) [2006] ("At the conclusion of the hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected[.]"); Rule 27, *Rules of Procedure for Child Abuse and Neglect Proceedings* [2000] ("[T]he court shall make findings of fact and conclusions of law, in writing or on the record, as to whether the child is abused and/or neglected[.]").

■ When a circuit court has not fully complied with the statutes and rules of procedure pertaining to cases under Chapter 49, this Court will not hesitate to reverse the circuit court. As we stated in Syllabus Point 5 of *In Re Edward B.,* 210 W.Va. 621, 558 S.E.2d 620 (2001):

Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

The record in the instant case indicates that the DHHR did not thoroughly pursue the allegations of potential danger asserted by the guardians *ad litem,* and the circuit court was imbued with the authority to compel a thorough review of such allegations. Further, while these allegations were presented to the circuit court, the court failed to make specific findings of fact or conclusions of law regarding their validity.

Based upon our review of the parties' arguments, upon the record, and upon the brevity of the circuit court's final order, we find that the result which will best protect the interests of the children is to reverse the circuit court's decision and remand the case. On remand, the court should compel the guardians *ad litem* and the DHHR to give full investigation to the allegations of potential harm raised by the guardians, and should thoroughly discuss those allegations in the court's future order[s].

### III.

The circuit court's November 3, 2005 order is reversed, and the case is remanded for further proceedings.

Reversed and Remanded.