664 S.E.2d 104

### In re SUMMER D.

### No. 33386.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 9, 2008.

Decided Feb. 26, 2008.

---

**6.** We note that the circuit court did give a cautionary instruction after "termination proceedings" were first mentioned during the trial.

Allison Adyniec Cowden, Esq., Weirton, WV, Guardian Ad Litem for Appellant.

Wayne R. Mielke, II, Esq., Wellsburg, WV, Attorney for Appellee Douglas D.

Darrell V. McGraw, Jr., Attorney General, Rebecca L. Tate, Assistant Attorney General, Fairmont, WV, Attorneys for Appellee WV DHHR.

David A. Barnabei, Esq., Barnabei, Ferro & Olejasz, Wheeling, WV, Attorney for Appellee April J. T.

PER CURIAM.

In this appeal from the Circuit Court of Brooke County, we are asked to review a circuit court order that denied a guardian *ad litem's* motion to amend a petition alleging that a child had been abused and/or neglected. As set forth below, we reverse the circuit court's order.

### I.

This case centers upon the welfare of Summer D., a 37-month-old child (at the time of this opinion) who has spent all but four months of her life in foster care. Summer D. is the natural daughter of April T. and Douglas D.

Summer D. was born in December 2004, and resided with her parents in West Virginia. In April 2005, the West Virginia Department of Health and Human Resources ("DHHR") learned that April T. had previously mothered two children by a different father, and that the State of Missouri had entered an order terminating April T.'s parental rights to those two children because of neglect. Following receipt of the Missouri order, the DHHR filed a petition in the instant case alleging generally that Summer D. had been abused and/or neglected by her parents, April T. and Douglas D.

As a result of the petition, Summer D. was placed in foster care in the custody of the DHHR, and a guardian *ad litem* was appointed to represent her before the circuit court. After hearings before the circuit court, an improvement plan was implemented

for April T. No improvement plan was offered or implemented for Douglas D. who, although not married, lived with April T.

In September 2006, Summer D.'s guardian *ad litem* filed two motions with the circuit court. In the first motion, the guardian *ad litem* asked the circuit court to terminate April T.'s improvement plan. The guardian *ad litem's* second motion asked the circuit court for permission to amend the DHHR's petition to allege that April T. had "significant deficits as a result of her lower I.Q., which impairs her ability to parent appropriately and safely." The motion also proposed that the petition be amended to allege that because Douglas D. "refuses to acknowledge that [April T.] has significant deficits that impair her parenting skills," Douglas D. could not adequately protect Summer D. from harm.

After taking evidence from the parties, in an order dated January 18, 2007, the circuit court granted the guardian *ad litem's* motion to terminate April T.'s improvement plan. The circuit court concluded that although she had made a good faith effort, April T. would never be able to meet the requirements of the plan.

However, the circuit court denied the guardian *ad litem's* motion to amend the petition. The circuit court found that April T. and Douglas D. had been cooperative during the proceedings. Further, the circuit court expressed confidence in Douglas D.'s parenting skills, and found him to be "a supportive father to the child" and "a supportive companion" to April T. As a matter of law, the circuit court concluded:

> [T]he failure of Respondent Douglas [D.] to acknowledge the impairment of Respondent April [T.] is not a sufficient legal basis to seek termination of parent rights[.]

The circuit court then ordered the parties to develop a plan to gradually return the child to Douglas D.'s custody.

The guardian *ad litem* and the DHHR now appeal the circuit court's January 18, 2007 order. The order was stayed pending the resolution of this appeal.

## II.

■ The guardian *ad litem* and the DHHR argue that the circuit court's decisions concerning Douglas D. were in error on two grounds. They argue, first, that this Court should weigh the evidence of record, declare Douglas D. to be an unfit parent, and prohibit the circuit court from ever returning Summer D. to his custody.

Much to our dismay, court-appointed counsel for Douglas D. failed to file any briefs with this Court—briefs that might have expedited this Court's response to the arguments posed by the guardian *ad litem* and the DHHR. Fortunately, counsel for Douglas D. did appear at oral arguments to offer a response, albeit a cursory one. Essentially, counsel for Douglas D. asserted that even though the circuit court refused to permit the amendment of the abuse and/or neglect petition, and even though no improvement plan or other assessment focused solely upon Douglas D.'s parenting skills was performed, the circuit court had sufficient evidence to find Douglas D. to be a fit parent.

■ Our standard of review in abuse and neglect actions was set forth in Syllabus Point 1 of *In the Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996), where we held:

> Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

The record in this case was developed as an assessment of April T.'s abilities, and not Douglas D.'s parenting skills. In the circuit court, the parties—including the guardian *ad litem* and the DHHR—focused entirely upon April T.; evidence regarding Douglas D.'s abilities appears to have been developed secondary to the process.

In an abuse and neglect action, this Court must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety. We find that the record was not sufficiently developed with respect to Douglas D.'s parenting skills to render a competent decision either way. As the record currently stands, this Court cannot—as the appellants wish—render a decision regarding Douglas D.'s parenting skills *ab initio*. That is an assessment that must be performed by the circuit court in the first instance.

The appellants' second argument is that the circuit court should have permitted the guardian *ad litem* to amend the petition to include allegations against Douglas D. The appellants argue that reasonable cause exists sufficient to believe that neglect of Summer D. may be imminent. As such, the appellants argue that the circuit court was legally empowered to not only permit an amendment, but to go so far as to compel an amendment of the petition, to allow the development of a record on this point. We agree with the appellants' position.

Rule 19 of the *Rules of Procedure for Child Abuse and Neglect Proceedings* states, in pertinent part:

> The court may allow the petition to be amended at any time until the final adjudicatory hearing begins, provided that an adverse party is granted sufficient time to respond to the amendment.

In Syllabus Point 4 of *State v. Julie G.*, 201 W.Va. 764, 500 S.E.2d 877 (1997), we interpreted Rule 19 to liberally allow amendments to an abuse or neglect petition:

> Under Rule 19 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, amendments to an abuse/neglect petition may be allowed at any time before the final adjudicatory hearing begins. When modification of an abuse/neglect petition is sought, the circuit court should grant such petition absent a showing that the adverse party will not be permitted sufficient time to respond to the amendment, consistent with the intent underlying Rule 19 to permit liberal amendment of abuse/neglect petitions.

And in Syllabus Point 5 of *In re Randy H.*, 220 W.Va. 122, 640 S.E.2d 185 (2006) we held that circuit courts could compel the amendment of a petition if reasonable cause exists to believe that additional abuse or neglect is imminent, but not encompassed by the allegations in the existing petition:

> To facilitate the prompt, fair and thorough resolution of abuse and neglect actions, if, in the course of a child abuse and/or neglect proceeding, a circuit court discerns from the evidence or allegations presented that reasonable cause exists to believe that additional abuse or neglect has occurred or is imminent which is not encompassed by the allegations contained in the Department of Health and Human Resource's petition, then pursuant to Rule 19 of the *Rules of Procedure for Child Abuse and Neglect Proceedings* [1997] the circuit court has the inherent authority to compel the Department to amend its petition to encompass the evidence or allegations.

We believe that the existing record contains evidence and allegations sufficient to present reasonable cause to believe that additional abuse or neglect of Summer D. by the respondent, Douglas D., is imminent, but is not encompassed by the allegations contained in the DHHR's original petition. Accordingly, we find that the circuit court erred when it refused to permit the guardian *ad litem's* motion to amend the petition.

### III.

The circuit court's January 18, 2007 order denying the guardian *ad litem's* motion to amend the petition was in error. On remand, the circuit court should permit the liberal amendment of the petition, so that the allegations of potential harm to Summer D.

may be more fully developed, clarified, and promptly resolved.

Reversed and Remanded.