**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**In Re: A.R.**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 13-0487** (Braxton County 10-JA-19)


**MEMORANDUM DECISION**

Petitioner Father's appeal, by counsel Christina C. Flanigan, arises from the Circuit Court of Braxton County, wherein his parental rights to the infant child A.R. were terminated by order entered on April 15, 2013. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem, Christopher G. Moffatt, filed a response on behalf of the child also supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him an abusing parent and in terminating his parental rights to the child without an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter arose after A.R. suffered a seizure as a result of trauma to his head causing an occipital skull fracture with hematoma in June of 2010. At that time, the child was living with his mother and the mother's boyfriend. Petitioner was added to an amended petition on June 28, 2010, but removed later that year after the State withdrew allegations made against petitioner. The allegations in the petition were that petitioner tested positive for THC, that he is a convicted felon and was on parole at the time,[1] that he was convicted for a misdemeanor sexual misconduct offense, and that he had threatened to take A.R. from the mother after which she obtained an emergency domestic violence protective order. Following a dispositional hearing in October of 2010, the parental rights to A.R., as well as the other children living in the home at the time of the incident, were terminated as to both A.R.'s mother and her then-boyfriend.

Also in October of 2010, petitioner's parole was revoked for driving while intoxicated. Petitioner was placed into an inpatient rehabilitation center. In April of 2011, petitioner was again

---

[1] Although the petition for abuse and neglect does not address the underlying conviction, a review of the record reveals that petitioner was incarcerated for burglary in 1999 in the State of New York and was on parole for that offense.

1

on parole and again his parole was revoked, this time for violating curfew. He was incarcerated for a term of one year. The DHHR filed a second amended petition of abuse and neglect, including the same allegations against petitioner as in the earlier petition, with an additional allegation that he was incarcerated and unable to care for the child in the reasonably near future.

In August of 2012, petitioner was adjudicated an abusing parent by abandonment of the child based upon a failure to provide monetary support, violating his parole by using alcohol, and failing to provide a fit and suitable home to A.R. due to incarceration. In October of 2012, the DHHR filed an "Amended Motion to Terminate Parental Rights" stating that petitioner was then on parole and that he had only sporadic contact with the child since June of 2010 when A.R. was placed under the DHHR's custody. The dispositional hearing was held in December of 2012. Petitioner Father testified that he was participating in outpatient rehabilitation, had enrolled in parenting classes, and had not violated parole since his release in April of that year. Petitioner submitted evidence that he worked two jobs, but the circuit court found his testimony and documentation to be inconsistent. The tax withholdings were in Maryland when petitioner said he lived in New York. The circuit court further found that petitioner's employment documentation showed fewer hours than he claimed he would work and did not support his contention that he could not call A.R. due to a difficult work schedule.

By order entered April 15, 2013, the circuit court terminated petitioner's parental rights, finding that there was no reasonable likelihood that he would substantially correct the issues of neglect within the foreseeable future and that it is in the best interest of the child to permanently terminate petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in terminating his parental rights on the basis of a lack of contact with the child because the ground was not raised in the petition for abuse and neglect. He also argues that the circuit court should have granted an improvement

2

period. Regarding the abuse and neglect petition, the "Second Amended Petition to Institute Child Abuse and Neglect Proceedings," filed in December of 2011, specifically states that petitioner "has had sporadic contact" with A.R. and that he was unable to care for the child due to incarceration.

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. We have previously held:

> "Under Rule 19 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, amendments to an abuse/neglect petition may be allowed at any time before the final adjudicatory hearing begins. When modification of an abuse/neglect petition is sought, the circuit court should grant such petition absent a showing that the adverse party will not be permitted sufficient time to respond to the amendment, consistent with the intent underlying Rule 19 to permit liberal amendment of abuse/neglect petitions." Syllabus Point 4, *State v. Julie G.,* 201 W.Va. 764, 500 S.E.2d 877 (1997).

Syl. Pt. 4, *In re Randy H.,* 220 W.Va. 122, 640 S.E.2d 185 (2006). Here, contrary to petitioner's argument, the basis for the termination of his parental rights was alleged in the petition. Petitioner had ample time to respond to the allegations for which he was adjudicated an abusing parent, and upon which his parental rights were ultimately terminated. For instance, while the second amended petition did not specifically mention alcohol, the alcohol use related to petitioner violating parole, which resulted in incarceration and unavailability to parent the infant child, which was addressed in the petition. Likewise, the record reveals that the circuit court's finding that petitioner failed to provide the child a fit and suitable home was also due to facts alleged in the petition, namely that the child was not in petitioner's care for thirty months, since the petition of abuse and neglect was filed, and the child had only sporadic contact with petitioner.

Petitioner's argument that he was entitled to an improvement period lacks merit. Pursuant to West Virginia Code § 49-6-12, a respondent parent bears the burden of proving that he or she will substantially comply with an improvement period; consequently, the circuit court has the discretion to deny an improvement period if the circuit court finds that this burden has not been met. Further, this Court has instructed circuit courts to not unnecessarily extend abuse and neglect proceedings when it held that

> "...courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, In Re: R.J.M., 164 W. Va. 496, 266 S.E.2d 114 (1980).

3

Syl. Pt. 4, *In re Cecil T.*, 228 W. Va. 89 717 S.E.2d 873 (2011). The record reflects that petitioner was incarcerated twice during the pendency of this case and communicated sporadically with A.R., giving sufficient support to the circuit court's finding that there was no reasonable likelihood that petitioner would substantially correct the issues of neglect within the foreseeable future.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4