## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: B.C., H.C., and K.C.**

**No. 13-0547** (Kanawha County 12-JA-185 through 12-JA-187)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Clinton Smith, appeals the Circuit Court of Kanawha County's April 25, 2013 order adjudicating the children as abused and neglected. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. The guardian ad litem, W. Jesse Forbes, filed a response on behalf of the children also supporting the circuit court's order. On appeal, Petitioner Father alleges the circuit court erred in terminating his parental rights because the State failed to prove that the children were abused and neglected by clear and convincing evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2012, the DHHR filed its initial petition to institute abuse and neglect proceedings against Petitioner Father. The petition alleged that he sexually abused K.C. for several years and failed to provide the children with the necessary food, clothing, supervision, and housing. Prior to the preliminary hearing, a forensic interview was conducted with K.C. During the preliminary hearing, the circuit court heard testimony from Cynthia Waddell and Detective Don Scurlock. Ms. Waddell, a forensic interviewer for "Just For Kids," testified that K.C. disclosed that Petitioner Father had penetrated her vagina and anus with his middle finger and his penis. Ms. Waddell also testified that K.C. disclosed oral penetration.

In December of 2012, the circuit court held an adjudicatory hearing where it incorporated the testimony from the preliminary hearing. The circuit court heard additional testimony from Dr. Joan Phillips and Petitioner Father. Dr. Phillips, co-medical director of the Child Advocacy Center, testified that while K.C.'s physical exam was normal, ninety-five percent of children who have been victimized by sexual abuse do not exhibit any physical symptoms of sexual abuse.[1] Petitioner Father testified that while attempting to put K.C. to sleep, he discovered a

---

[1] Dr. Phillips performed the forensic physical evaluation of K.C. on June 22, 2012

"water wart" near his daughter's waistline. Upon his initial discovery he proceeding to visually and physically inspect K.C.'s body for additional "water warts." Specifically, Petitioner Father testified that he felt "the crevices in between her butt," and "alongside [her] vagina, along the inner side of her thighs . . . ." Petitioner Father also testified that the remaining allegations of sexual abuse never happened. At the conclusion of the hearing, the circuit court found that the children were neglected due to Petitioner Father's refusal, failure, or inability to supply the children with the necessary food, clothing, shelter, supervision, medical care, or education. Additionally, the circuit court found that the children were abused due to Petitioner Father's sexual abuse or sexual exploitation.

In February of 2013, the circuit court held a dispositional hearing and terminated Petitioner Father's parental rights. The circuit court found that Petitioner Father failed to acknowledge the conditions that led to the filing of the petition and did not respond to or follow through with a reasonable family case plan or other rehabilitative efforts. It is from the adjudicatory and dispositional order that Petitioner Father appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in finding that clear and convincing evidence existed to support the findings of abuse and neglect and, thus, the termination of his parental rights was improper. We have previously held that

> "W.Va.Code[§] 49–6–2(c) [1980], requires the State Department of Welfare [now the Department of Health and Human Resources], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of

Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 3, *In re Randy H.*, 220 W.Va. 122, 640 S.E.2d 185 (2006).

We disagree with Petitioner Father's argument that the evidence below was "uncorroborated" and "inconsistent." The circuit court heard evidence that K.C. disclosed specific and detailed instances of sexual abuse during her forensic interview and that the interviewer considered her disclosures reliable. Additionally, the circuit court heard testimony from Dr. Phillips that while the results of K.C.'s forensic exam were normal, ninety-five percent of children who have been victimized by sexual abuse do not exhibit any physical symptoms of sexual abuse.

We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, we note that the circuit court was in the best position to weigh witness credibility, and we find no error in the findings of abuse and neglect to the children in this case.

Furthermore, the Court finds no error in the termination of Petitioner Father's parental rights. The record shows that Petitioner Father failed to acknowledge the underlying conditions of abuse or neglect. We have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, --, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because Petitioner Father failed to admit the truth of the basic allegations of abuse and neglect and there were no services available to address the sexual abuse, the problem was untreatable and the circuit court did not err in proceeding to termination. Based upon the evidence above, the circuit court was presented with sufficient evidence upon which it could have found that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

West Virginia Code § 49-6-5(a)(7)(A) provides that the DHHR is not required to make reasonable efforts to preserve the family if any of the children in the home have been subjected to sexual abuse. We also bear in mind the following: "'Although parents have substantial rights that

must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). The record reflects that the circuit court had substantial basis for adjudicating Petitioner Father as an abusive parent after finding that he sexually abused K.C.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 25, 2013 order and termination of Petitioner Father's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II