# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.L.**

**No. 14-0624** (Wetzel County 12-JA-07)

**FILED**

November 24, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother, by counsel David White, appeals the Circuit Court of Wetzel County's May 9, 2014, order terminating her parental rights to her six-year-old son, A.L. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Roger Weese, filed a response on behalf of the child supporting the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court erred in adjudicating the child as abused.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed its initial abuse and neglect petition against A.L.'s biological father based on the prior involuntary termination and relinquishment of his parental rights. The only allegation against Petitioner Mother was that she was homeless. Several months later, A.L. was involved in a domestic altercation at the home of his maternal grandmother. Thereafter, the DHHR filed an amended petition against Petitioner Mother, alleging that she had committed child neglect resulting in the risk of injury as a result of this domestic altercation.

On September 18, 2012, an adjudicatory hearing was held. While Petitioner Mother admitted to the allegations in the amended petition, the circuit court heard testimony from A.L.'s maternal grandmother regarding the domestic altercation. She testified that Petitioner Mother called her and indicated her desire to pick-up A.L. after leaving him in her custody the prior week. She further testified that after gathering some of A.L.'s belongings, she and Petitioner Mother proceeded outside at which time Petitioner Mother's boyfriend got out of the car and "grabbed [A.L.] by his arm and forcefully dragged him, against [his] will across the road." Importantly, the grandmother testified that the boyfriend had a "pistol gun tucked under his strap" in plain view, that the boyfriend pushed her on at least one occasion, and that Petitioner Mother failed to intervene. Petitioner Mother subsequently married the boyfriend. As a result of the foregoing testimony, the circuit court adjudicated the child as an abused child, finding that

1

Petitioner Mother "permit[ted] and certainly did not prohibit [the boyfriend] from knowingly inflicting psychological injury upon the child . . . ."

Following the adjudication, Petitioner Mother was granted a post-adjudicatory improvement period. By order entered on May 1, 2013, the circuit court found that Petitioner Mother substantially complied with her post-adjudicatory improvement period and granted her an extension. Thereafter, the circuit court granted Petitioner Mother a dispositional improvement period by order entered on September 29, 2013. However, on May 2, 2014, following a dispositional hearing, the circuit court terminated Petitioner Mother's parental rights because she failed to complete her family case plan. It is from this order that Petitioner Mother now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that the circuit court erred in adjudicating her as an abusing and neglectful parent. Relying on *In re Lilith H.*, 231 W.Va. 170, 744 S.E.2d 280 (2013), she argues that the above-described domestic altercation did not constitute abuse. Petitioner Mother also states that the DHHR did not present any evidence that she committed domestic violence on either A.L.'s maternal grandmother or the boyfriend in front of her child. Further, Petitioner Mother argues that the DHHR failed to present evidence that she physically abused her child or that A.L. suffered psychological harm that required medical intervention as a result of the altercation with her then boyfriend.

We have previously held that

"W.Va.Code[§] 49–6–2(c) [1980], requires the State Department of Welfare [now the Department of Health and Human Resources], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any

2

particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 3, *In re Randy H.*, 220 W.Va. 122, 640 S.E.2d 185 (2006). Upon our review, this Court finds no error in the circuit court's adjudicatory order. West Virginia Code § 49-1-3(1)(A) defines an abused child as one "whose health or welfare is harmed or threatened by a parent . . . who knowingly allows another person to inflict physical injury or emotional injury, upon the child . . . ." West Virginia Code § 49-1-3(1)(D) further defines an abused child as one whose health and welfare is harmed or threatened by domestic violence as defined in West Virginia Code § 48-27-202. According to West Virginia Code § 48-27-202, domestic violence includes any "act[] between family or household members" in which an individual "[a]ttempt[s] to cause or intentionally, knowingly or recklessly caus[es] physical harm to another with or without dangerous or deadly weapons."

In this case, Petitioner Mother created a volatile situation of abuse and/or neglect that exposed A.L. to domestic violence. Petitioner Mother knowingly arrived at the grandmother's house with her boyfriend who was carrying a gun and had been previously asked to not "step foot" on the grandmother's property to retrieve A.L. The grandmother testified that the boyfriend "grabbed [A.L.] by his arm and forcefully dragged him, against [his] will across the road." Importantly, it is undisputed that Petitioner Mother did not attempt to either stop the boyfriend from physically abusing A.L. or otherwise end the altercation. The evidence further shows that the boyfriend also shoved the grandmother in front of the child. Petitioner Mother's deliberate actions and inaction subjected A.L. to domestic violence. Further, Petitioner Mother refused to testify at the adjudicatory hearing. We have previously held that

> "[b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability." Syl. pt. 2, *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996).

Syl. Pt. 3, *In re Marley M.*, 231 W.Va. 534, 745 S.E.2d 572 (2013). Given her silence, the circuit court was justified in considering Petitioner Mother's silence as evidence of her culpability. Upon our review, the circuit court's finding that the child, A.L., was abused is not clearly erroneous.

For the foregoing reasons, we affirm.

Affirmed.

3

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARATELY:**

Justice Menis E. Ketchum

Justice Ketchum, dissenting:

There were insufficient facts presented to justify the termination of the mother's parental rights to A.L. The circuit court erred in finding that A.L. was an abused child and the mother was guilty of child neglect resulting in risk of injury to A.L.

The only facts presented relating to child abuse or parental neglect were:

1.     A.L. has been staying with his grandmother for approximately a week. The mother and her boyfriend went to pick up A.L.

2.     There was an argument or dispute and the boyfriend shoved the grandmother.

3.     The boyfriend "grabbed [A.L.] by the arm and forcefully dragged him, against his will, across the road."

4.     The boyfriend was carrying a pistol which was in plain view.

The circuit court found that A.L. was an abused child and the mother committed child neglect resulting in risk of injury to A.L. because she "permitted and certainly did not prohibit [the boyfriend] from knowingly inflicting psychological injury upon the child . . . ."

There was no evidence of psychological or physical injury to A.L. More importantly, parental rights should not be terminated because a mother does not fight or physically confront a gun-carrying boyfriend who is pulling a child by the arm across a road. Failing to fight or confront the gun-carrying boyfriend did not amount to child neglect sufficient to terminate the mother's parental rights.

Therefore, I dissent.