# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **M.E. and M.H.**

**No. 16-0006** (Nicholas County 14-JA-32 and 14-JA-33)

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.S., by counsel Sarah R. Campbell, appeals the Circuit Court of Nicholas County's January 14, 2016, order terminating her parental and custodial rights to M.E. and M.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Cammie L. Chapman, filed a response on behalf of the children also in support of the circuit court's order. R.E., the biological father of M.E. and current custodian of both children, by counsel Harley E. Stollings, also filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in removing the children from her custody and ordering the DHHR to proceed on its amended petition in the proceedings below. Petitioner also alleges that the circuit court erred in denying her motion to dismiss for improper venue.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2014, the DHHR filed an abuse and neglect petition and alleged that petitioner was arrested for driving under the influence ("DUI") and disorderly conduct after being involved in a multi-vehicle accident. According to the petition, the minor children were in the car with petitioner when this incident occurred. The DHHR further alleged that petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

also admitted to a nurse that she bought Xanax illegally. That same month, petitioner waived a preliminary hearing.

In May of 2014, the circuit court held an adjudicatory hearing, during which petitioner admitted that her alcohol abuse impaired her parenting ability to a degree as to pose imminent risk to the children. She further admitted that she was drinking when involved in the subject accident with the children in the vehicle. After adjudicating petitioner as an abusing parent, the circuit court granted petitioner an improvement period that required she remain drug and alcohol free, undergo a psychological evaluation and follow all recommendations, obtain employment, participate in parenting and adult life skills education, and attend counseling.

In June of 2014, petitioner's bond in her criminal case was revoked after a positive screen for amphetamine, methamphetamine, oxycodone, and oxymorphone. As a result, petitioner was incarcerated on June 5, 2014. Prior to her incarceration, petitioner also tested positive for alcohol use on three separate occasions. In August of 2014, petitioner entered a guilty plea to the offense of DUI with minors in the vehicle. She was released from jail on August 25, 2014, at which point the guardian recommended that petitioner receive an improvement period as disposition if she could provide evidence that she entered a substance abuse treatment program. However, on September 2, 2014, the guardian filed an amended report and recommended termination of petitioner's parental rights because she had not contacted her case worker or service provider. At the time this report was filed, petitioner's whereabouts were unknown. At the subsequent dispositional hearing, however, the circuit court granted petitioner an improvement period as disposition with essentially the same terms as her post-adjudicatory improvement period.

At a review hearing in November of 2014, petitioner's improvement period was extended as a result of her compliance. Similarly, petitioner's improvement period was again extended at a hearing in February of 2015, during which the circuit court also accelerated visitation between petitioner and the children. In May of 2015, the circuit court held another review hearing and found that petitioner made significant progress in her improvement period and ordered the children returned to her care at the end of the school year. On May 30, 2015, the children were returned to petitioner's care. In June of 2015, the circuit court held a dispositional hearing wherein it adopted the parenting plan between petitioner and M.E.'s father and gave petitioner full custody of M.H.

However, on July 27, 2015, the guardian filed a motion to modify the dispositional order because petitioner was arrested on July 23, 2015, by the Tucker County Sheriff's Department for the offenses of third-degree sexual abuse and sexual abuse by a parent, guardian, or custodian. Specifically, the guardian based the motion upon the allegation in the criminal complaint that petitioner snorted pills in front of the minor children and thereafter engaged in sexual intercourse with a fifteen-year-old male. On the same day the guardian's motion was filed, the circuit court held a hearing and determined that the motion was cause for emergency removal of the children and ordered the same. Thereafter, the DHHR filed an amended petition and included allegations from the criminal complaint against petitioner. In August of 2015, petitioner waived her right to a preliminary hearing on the amended petition.

On the morning of the adjudicatory hearing scheduled for September 16, 2015, counsel for the DHHR notified the guardian of its intention to withdraw the petition. As such, the guardian filed her own abuse and neglect petition that set forth the same allegations as the DHHR's amended petition. During the adjudicatory hearing, the DHHR moved to dismiss the amended petition on the grounds that the caseworker did not believe that the abuse actually occurred. Petitioner joined in the motion and also moved to dismiss due to lack of venue. The circuit court ultimately ruled that venue was proper as it was the court of original jurisdiction in the abuse and neglect case and, therefore, retained exclusive jurisdiction over the matter. Thus, the circuit court denied petitioner's motion to dismiss. The circuit court also directed counsel for the DHHR to proceed on its amended petition and denied that motion to dismiss as well. The circuit court took testimony on the matter and continued the hearing until September of 2015, at which time it took additional testimony. Ultimately, the circuit court adjudicated petitioner as an abusing parent.

In December of 2015, the circuit court held a dispositional hearing and terminated petitioner's parental and custodial rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

To begin, we find no error in the circuit court's removal of the children from petitioner's home. In support of this argument, petitioner asserts that once disposition occurred and permanency was achieved, the underlying abuse and neglect case was no longer pending. As such, she argues that it was improper for the circuit court to remove the children based on Rules 16(c) and 19(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. According to petitioner, the former allows for transfer of custody only "during the pendency of abuse and/or neglect proceedings," while the latter allows only for the amendment of an abuse and neglect petition after adjudication but prior to disposition. However, petitioner's argument ignores both the specific facts of the case before the Court and West Virginia Code § 49-4-606.

According to that statute, a party may move to modify disposition in an abuse and neglect case upon a material change of circumstances. Specifically, West Virginia Code § 49-4-606 states that

> [u]pon motion of a child, a child's parent or custodian or the department alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

This statute further provides that "[t]he circuit court of origin has exclusive jurisdiction over placement of the child." W.Va. Code § 49-4-606 (2015). While petitioner argues that the circuit court did not expressly grant the guardian's motion below, it is clear that it had exclusive authority to remove the children from the home and exercised the same. Moreover, it is also clear that, based upon petitioner's arrest for multiple sexual crimes against a child, a change of circumstances that required a different disposition existed below. As such, we find no error in the circuit court ordering the children's removal from petitioner's home upon the new allegations of her criminal conduct.

Petitioner further argues that the circuit court erred in instructing the DHHR to proceed on its amended petition. Again, her argument in support of this assignment of error is couched in terms of permanency for the children having been achieved and her assertion that the abuse and neglect proceeding was no longer pending. The Court, however, does not agree. If petitioner's position were to be accepted, it would nullify several provisions in both the West Virginia Code and the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Specifically, Rule 6 provides that circuit courts that have presided over an abuse and neglect proceeding "retain[] exclusive jurisdiction over placement of the child while the case is pending, *as well as over any subsequent requests for modification, including, but not limited to, changes in permanent placement or visitation . . . .*" (emphasis added).[3] Moreover, as noted above, West Virginia Code § 49-4-606 similarly allows for a circuit court to reopen an abuse and neglect proceeding upon a motion to modify a prior disposition. As such, it is clear that petitioner's interpretation of her case's pendency is misplaced. Pursuant to West Virginia Code § 49-4-606, the circuit court had the authority to hear the guardian's motion for modification of disposition and, thus, petitioner's case was still pending as of that motion's filing.

---

[3]Rule 6 further provides for two exceptions to a circuit court's exclusive jurisdiction in instances where "the petition is dismissed for failure to state a claim under Chapter 49 of the W. Va. Code, or (2) if the petition is dismissed, and the child is thereby ordered placed in the legal and physical custody of both of his/her cohabiting parents without any visitation or child support provisions." Neither of these exceptions is applicable to petitioner.

Further, West Virginia Code § 49-4-606 grants circuit courts the authority to hold an additional dispositional hearing upon such motion. However, it is clear that the circuit court in this specific case was unable to immediately proceed to a new dispositional hearing because it lacked the necessary evidence to reach such determinations due to the nature of the new allegations against petitioner. As such, the circuit court appropriately directed the DHHR to proceed on its amended petition and appropriately followed the procedures set forth in the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and the relevant statutes in the West Virginia Code. In addressing new allegations of abuse and neglect, we have held as follows:

> "To facilitate the prompt, fair and thorough resolution of abuse and neglect actions, if, in the course of a child abuse and/or neglect proceeding, a circuit court discerns from the evidence or allegations presented that reasonable cause exists to believe that additional abuse or neglect has occurred or is imminent which is not encompassed by the allegations contained in the [DHHR]'s petition, then pursuant to Rule 19 of the *Rules of Procedure for Child Abuse and Neglect Proceedings* [1997] the circuit court has the inherent authority to compel the [DHHR] to amend its petition to encompass the evidence or allegations." Syl. Pt. 5, *In re Randy H.*, 220 W.Va. 122, 640 S.E.2d 185 (2006).

Syl. Pt. 6, *In re Lilith H.*, 231 W.Va. 170, 744 S.E.2d 280 (2013). As such, it is clear that the circuit court had the inherent authority to make this ruling. Further, the circuit court held the hearings required by the pertinent authorities, including a preliminary hearing, an adjudicatory hearing, and a second dispositional hearing. For these reasons, we find no error in the circuit court ordering the DHHR to proceed on its amended petition.

It is also important to note that petitioner's acts of abuse toward these children and her alleged criminal conduct toward another minor necessitated the children's removal. As this Court has stated several times, in abuse and neglect proceedings "the welfare of the infant is the polar star by which the discretion of the court is to be guided in making its award of legal custody." Syl. Pt. 3, in part, *In re Emily*, 208 W.Va. 325, 540 S.E.2d 542 (2000) (quoting Syl. Pt. 8, *In re Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1973)). The record clearly shows that petitioner was incarcerated on charges of multiple sexual crimes against a child at the time the circuit court ordered the children be placed in the DHHR's custody. As such, the circuit court took appropriate action to protect the children's best interests by removing them from the home. Moreover, pursuant to Rule 16(c) of the Rules of Procedure for Child Abuse and Neglect Proceedings, "[i]f at any time during the pendency of abuse and/or neglect proceedings, the court determines the child is in imminent danger, as defined by W. Va. Code § [49-1-201], the court may order the child placed into the custody of the [DHHR] . . . ." In removing the children, the circuit court specifically found that the children were in imminent danger because of petitioner's incarceration and the uncertainty of their temporary placement. While petitioner argues that this rule does not apply because the removal did not occur "during the pendency" of the abuse and neglect proceedings, the Court again reiterates that the proceedings were ongoing due to the guardian's motion to modify disposition. As such, it is clear that the circuit court properly removed the children due to the imminent danger to their well-being and in accordance with their best interests.

5

Finally, the Court finds no error in regard to the circuit court's denial of petitioner's motion to dismiss. In the circuit court and on appeal to this Court, petitioner argues that the circuit court erred in denying her motion because, she alleges, the appropriate venue to proceed on the new allegations against her was the Circuit Court of Tucker County. This Court, however, does not agree. In support of her argument, petitioner relies on Rule 4a of the Rules of Procedure for Child Abuse and Neglect Proceedings and her assertion that a new petition, rather than an amended petition, was required. According to Rule 4a,

> [t]he Department or a reputable person may file a petition to initiate a civil protection proceeding in the circuit court in the county where the child resides. If the Department is a petitioner, the petition may also be filed where the alleged abuse and/or neglect occurred, where the custodial respondent or one of the other respondents resides, or to the judge of the court in vacation.

Petitioner argues that the children resided in Tucker County, the alleged abuse occurred there, and she, as the custodial parent, also resided in that county. However, the Court finds that it is unnecessary to apply Rule 4a in this matter, as the DHHR simply filed an amended petition in the original proceeding in the Circuit Court of Nicholas County. Importantly, petitioner did not challenge the appropriateness of venue in the Circuit Court of Nicholas County upon the filing of the original abuse and neglect petition, and the Court finds that venue in that circuit court was proper. As such, it is clear that venue for the amended petition was also proper.

While petitioner argues that filing an amended petition was improper because the original petition was dismissed upon the children's return to her home, the Court disagrees. In discussing Rule 19 of the Rules of Procedure for Child Abuse and Neglect Proceedings, this Court has held that "[w]hen modification of an abuse/neglect petition is sought, the circuit court should grant such petition absent a showing that the adverse party will not be permitted sufficient time to respond to the amendment, consistent with the intent underlying Rule 19 to permit liberal amendment of abuse/neglect petitions." Syl. Pt. 4, in part, *In re Randy H.*, 220 W.Va. 122, 640 S.E.2d 185 (2006) (citing Syl. Pt. 4, *State v. Julie G.*, 201 W.Va. 764, 500 S.E.2d 877 (1997)). While that holding specifically references the provision in Rule 19(a) that allows for amendments prior to the final adjudicatory hearing, the fact remains that Rule 19(b) allows for amendments after the final adjudicatory hearing, provided that "the final adjudicatory hearing [is] re-opened for the purpose of hearing evidence on the new allegations in the amended petition." In this matter, the circuit court complied with this requirement, as the record shows that the circuit court re-opened the adjudicatory hearing and petitioner was permitted to present evidence on these new allegations. Moreover, the filing of the amended petition in this matter was in keeping with our interpretation of Rule 19 that provides for liberal amendment in the interest of children's best interest. For these reasons, we find that venue was proper in the Circuit Court of Nicholas County, as the DHHR proceeded on an amended petition in an ongoing abuse and neglect case in that county. Accordingly, we find no error in the circuit court's denial of petitioner's motion to dismiss for improper venue.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 14, 2016, order is hereby affirmed.

6

Affirmed.

**ISSUED**: June 21, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Brent D. Benjamin