# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: K.S., L.S., & E.S.**

**No. 13-0620** (Wood County 11-JA-22 through 12-JA-135)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel George M. Torres, appeals the Circuit Court of Wood County's April 24, 2013 order terminating her parental rights to K.S., L.S., and E.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, G. Bradley Frum, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court lacked jurisdiction to proceed on the initial abuse and neglect petition, erred in adjudicating the children as abused and neglected, and erred in denying her an extension to her dispositional improvement period or a new dispositional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 25, 2011, petitioner contacted the DHHR and reported that she had no supplies for her children and had no place to live. According to petitioner, she had no family who could help her and she was unable to go to a shelter due to a pending charge of domestic violence against her. At the time, petitioner was in a camper in the woods because she was hiding from an ex-boyfriend who was the alleged victim of the domestic violence charge. Petitioner requested

---

[1] The abuse and neglect proceedings below concerned additional children that are not petitioner's biological children. Petitioner raises no assignments of error in regard to these children and, as such, this memorandum decision concerns only the circuit court's termination of petitioner's parental rights to K.S., L.S., and E.S.

[2] In the petition for appeal, petitioner lists an additional assignment of error regarding the sufficiency of the evidence to support the DHHR taking emergency custody of the children. However, no argument in support of this assignment of error is included in the brief. As such, pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate procedure, the Court will disregard this unsupported assignment of error.

that the DHHR take custody of her children and provided her location so that the DHHR could pick up the children. According to petitioner, she was in the State of Ohio at the time. At petitioner's request, the DHHR transported petitioner and her children from Ohio back to Wood County, West Virginia. The DHHR then offered petitioner alternative resources and guidance in an attempt to prevent removal of the children, including transportation, assistance through the Women, Infants, and Children and Birth to Three programs, food stamps, and in-home services. However, petitioner refused these services and was adamant that the DHHR take custody of the children.

Three days later, the DHHR filed an abuse and neglect petition alleging that petitioner abused and neglected the children by failing to obtain medical treatment for the children, one of which suffers from a heart condition that requires regular treatment, the children's general condition, including soiled diapers and uncleanliness, petitioner's admission to substance abuse, and her general refusal to obtain the necessary resources to properly care for the children. Petitioner stipulated to certain allegations from the petition in April of 2011, but later withdrew that stipulation. In July of 2011, she again entered into a stipulated adjudication and was found to have neglected the children. She was also granted a post-adjudicatory improvement period that was extended in January of 2012, at which time the children were returned to her physical custody.

In May of 2012, the DHHR filed an amended petition to include petitioner's newborn child, E.S. The child was left in the physical custody of her biological father, W.S., on the condition that he not allow any unsupervised contact with petitioner. In June of 2012, petitioner was granted a dispositional improvement period. On September 6, 2012, a domestic dispute arose between petitioner and W.S. in the children's presence. As a result of the domestic violence incident, the circuit court made a finding of abuse and/or neglect to all the children. In March of 2013, the circuit court held a dispositional hearing, finding that petitioner failed to complete any of the terms of her improvement period. The circuit court then terminated petitioner's parental rights. It is from the resultant order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. To begin, we find no merit in petitioner's argument that the circuit court lacked jurisdiction to proceed on the initial abuse and neglect petition. According to petitioner, the fact that she was in Ohio at the time the DHHR arrived to offer her assistance constitutes a violation of the State's police power by the DHHR, its agent, invalidated the subsequent application for emergency custody, and deprived the circuit court of jurisdiction to proceed on the petition. We disagree. West Virginia Code § 49-6-1(a) states, in pertinent part, that

> [i]f the department . . . believes that a child is neglected or abused, the department . . . may present a petition setting forth the facts to the circuit court . . . in the county in which the custodial respondent or other named party abuser resides . . . .

Petitioner was a named party to the petition and also a resident of Wood County. The petition clearly listed petitioner's address as being within Wood County, and further stated that she had been receiving services in that county since 2010. While petitioner alleged that she had no home at the time she contacted the DHHR to take custody of her children, this does not support an intention to change her residency to the State of Ohio by relocating a camper to that state.

Further, petitioner requested that the DHHR come to her location to take custody of her children, for whom she stated she could no longer care. Upon arrival, petitioner voluntarily agreed to transportation from the DHHR, thereby agreeing to be returned to West Virginia. Additionally, we find no merit in petitioner's argument that the DHHR attempted to obscure the fact that she had been in Ohio from the circuit court since it was simply irrelevant. Petitioner's residency was in Wood County, West Virginia, as stated accurately in the petition, her presence in Ohio notwithstanding. It is disingenuous of petitioner to request assistance from the DHHR, avail herself of the Circuit Court of Wood County's jurisdiction, and then argue that it lacked the same. As such, we find the circuit court had jurisdiction over the matter.

As to petitioner's second assignment of error, we find no error in the circuit court adjudicating the children as abused and neglected. Petitioner's argument in this regard relates to adjudication upon the second amended petition, which included allegations of abuse by exposing the children to domestic violence. Petitioner's argument on this issue hinges upon the circuit court finding that "it is not clear what transpired" during the domestic violence incident, but this Court does not find this argument persuasive. While the circuit court was presented with conflicting accounts of what occurred during the incident that explain its finding, the undisputed facts are sufficient to support the circuit court's adjudication as to the children being abused and neglected.

We have previously held that

> "W.Va.Code[§] 49–6–2(c) [1980], requires the State Department of Welfare [now the Department of Health and Human Resources], in a child abuse or neglect case,

to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 3, *In re Randy H.*, 220 W.Va. 122, 640 S.E.2d 185 (2006). Here, petitioner admitted to committing domestic violence against E.S.'s father while he held that infant in his arms and while all the children were present in the home. Petitioner testified that she and the child's father, W.S., were having an argument regarding him arriving home late and that W.S. decided to take E.S. and leave the home. Petitioner's own testimony established that, in an attempt to prevent W.S. from leaving, she grabbed his finger and bent it backward, grabbed his shirt, and blocked the exit. Petitioner further testified that twice during the altercation the child vomited, and at one point the child's head struck a doorway. It is also important to note that at the time of this altercation, petitioner was under the terms of a safety plan that prevented her from having unsupervised contact with E.S. Law enforcement arrived at the home and, after an investigation that included statements from one of W.S.'s children, confirmed petitioner to be the primary aggressor in the altercation.

Based on this evidence, it is clear that the circuit court did not err in finding that petitioner's conduct constituted abuse and neglect to the children. West Virginia Code § 49-1-3(1)(d) defines an abused child as one whose health and welfare is harmed or threatened by domestic violence as defined in West Virginia Code § 48-27-202. According to West Virginia Code § 48-27-202, domestic violence includes any "act[] between family or household members" in which an individual "[a]ttempt[s] to cause or intentionally, knowingly or recklessly caus[es] physical harm to another with or without dangerous or deadly weapons." As stated above, petitioner attempted to physically harm W.S. in an attempt to prevent him from leaving the home and also caused the infant E.S. to strike her head during the altercation. Our State Legislature has addressed the impact of domestic violence upon children by stating that "[c]hildren . . . often . . . witness violence against one of their parents . . . [and] may suffer deep and lasting emotional harm from . . . exposure to domestic violence . . . ." W.Va. Code § 48-27-101(a)(2). Therefore petitioner's conduct threatened the health and welfare of all the children in the home and it was not error to adjudicate the children as abused based upon this evidence.

Finally, the Court finds no error in the circuit court denying petitioner an extension to her dispositional improvement period or in denying her a new dispositional improvement period. In order to obtain an extension to a dispositional improvement period, West Virginia Code § 49-6-12(g) requires circuit courts to find that the parent "has substantially complied with the terms of the improvement period." As the circuit court found, petitioner "failed to do any terms and conditions of the improvement period . . . ." This finding was supported by evidence that petitioner failed to complete domestic violence and substance abuse counseling, missed over thirty drug screens, and tested positive for controlled substances on one occasion. As such, it is clear that the circuit court could not make the requisite finding of compliance with the terms of the improvement period necessary to grant an extension to the same. Further, West Virginia Code

4

§ 49-6-12(c)(2) grants circuit courts discretion in granting dispositional improvement periods upon a showing that the parent will fully participate in the same. Based upon the evidence above, it is clear that petitioner could not satisfy the burden of proving she would fully comply, and it was not error to deny petitioner a new dispositional improvement period or proceed to termination of her parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 24, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**:  November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II