# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **H.W.**

**No. 16-0317** (Webster County 15-JA-56)

## MEMORANDUM DECISION

Petitioner Father R.W., by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's February 29, 2016, order adjudicating him as an abusing parent[1] in regard to seven year old H.W.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in adjudicating him as an abusing parent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court concludes that there was no clear and convincing evidence to support the circuit court's order adjudicating petitioner as an abusing parent. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On November 20, 2015, H.W. was in the care of his mother, A.W., when the DHHR received a referral that A.W. was living with a registered sex offender, using inappropriate disciplinary methods towards H.W., and failed to properly bathe H.W. Upon receiving this referral, a Child Protective Services ("CPS") worker and the West Virginia State Police conducted an investigation of A.W.'s residence. During the investigation A.W. admitted to a

---

[1]The circuit court actually adjudicated petitioner as an "abusive and neglectful parent." However, the Court notes that pursuant to West Virginia Code § 49-1-201, an "abusing parent" is defined as "a parent, guardian or other custodian . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." Because this definition governs parents who commit both abuse and neglect against children, and because the pertinent statute has purposefully omitted a definition of "neglecting parent," the Court will use the appropriate statutory term throughout this memorandum decision.

[2]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

CPS worker that she used methamphetamine, marijuana, and pain pills. Drug paraphernalia was also found in A.W.'s home and she also admitted that she left H.W. in the care of a registered sex offender.[3] While it is unclear how petitioner was involved in this initial investigation, petitioner tested positive for marijuana and admitted to the CPS worker that he usually smokes marijuana on weekends. As a result of this investigation, the DHHR filed an abuse and neglect petition alleging that petitioner was addicted to and/or abused controlled substances which affected his ability to provide for the health, safety, and welfare of his child. Thereafter, the circuit court found that the allegations constituted imminent danger and temporarily removed H.W. from petitioner's and A.W.'s care.

Petitioner later waived his right to a preliminary hearing. The next month, the circuit court held an adjudicatory hearing during which it heard testimony from several witnesses, including petitioner. Generally, A.W. admitted to the allegations against her as set forth in the petition. However, relevant to petitioner's appeal, A.W. testified that H.W. was in her home every day and that H.W. visits petitioner "a couple weekends a month." Petitioner corroborated A.W.'s testimony in that he visits H.W. every other weekend. Importantly, petitioner's unrebutted testimony established that while he smoked marijuana, he only smoked marijuana when H.W. was at A.W.'s house and never smoked marijuana while H.W. was in his care. Furthermore, petitioner provided a clean drug screen thirteen days after he initially tested positive for marijuana on November 20, 2015. Importantly, the DHHR did not elicit any evidence that petitioner was addicted to and/or abused controlled substances or that his marijuana use affected his ability to provide for the health, safety, and welfare of his child as alleged in the petition. After considering the evidence, the circuit court adjudicated petitioner as an abusive parent finding that he "used marihuana regularly, which put the [child] at risk when the child was in [his] custody."[4] Petitioner appeals from the adjudicatory order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[3]It appears from the record on appeal that petitioner and A.W. did not live together, and that petitioner had visitation with H.W. every other weekend.

[4]During the adjudicatory hearing, the circuit court found that CPS worker E.B. executed a verified petition that contained false information and that this was at least the second occasion that E.B. has executed a falsified petition before the circuit court in the past month. The circuit court also held the DHHR in contempt for failing to establish visitation as directed during the preliminary hearing.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds that the circuit court erred in adjudicating petitioner as an abusing parent.

To begin, the Court does not agree with the circuit court's finding that petitioner was an abusing parent based strictly upon his use of marijuana and that such use "put the [child] at risk when the child was in [petitioner's] custody."

This Court has previously held as follows:

> "W.Va.Code, 49–6–2(c) [1980], requires the State Department of Welfare [now the Department of Health and Human Resources], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.'" Syllabus point 1, [in part], *In the Interest of S.C.,* 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 2, in part, *In re Bryanna H.,* 225 W.Va. 659, 661, 695 S.E.2d 889, 891 (2010).

Based upon a review of the adjudicatory hearing transcript, this Court determines that the circuit court's conclusion that petitioner put his child at risk strictly because he used marijuana is contrary to the evidence presented. West Virginia Code § 49-1-201 defines an abused child and a neglected child, respectively, as requiring harm or threat of harm to a child's health or welfare. While it is undisputed that petitioner admitted to smoking marijuana, the testimony is unrebutted that petitioner did not smoke marijuana while H.W. was in his custody or that he smoked marijuana on a "regular" basis. Furthermore, petitioner provided a clean drug screen shortly after the petition was filed. Importantly, there was no evidence presented below that H.W. was ever "at risk" when he was in petitioner's custody. While illegal, the Court does not find that petitioner's occasional marijuana use, in and of itself, constitutes a harm or threat of harm to the child, especially in light of the specific circumstances of this case. Furthermore, a reading of the applicable statutes shows that the legislature has clearly enumerated certain crimes for which a conviction constitutes per se abuse and/or neglect. According to West Virginia Code § 49-4-609,

> [i]n any case where a person is convicted of an offense against a child described in section twelve, article eight, chapter sixty-one of this code or articles eight-b or eight-d of that chapter and the person has custodial, visitation or other parental rights to the child who is the victim of the offense or to any child who resides in the same household as the victim, the court shall, at the time of sentencing, find that the person is an abusing parent within the meaning of this chapter as to the child victim, and may find that the person is an abusing parent as to any child who resides in the same household as the victim, and the court shall take further steps as are required by this article.

The convictions addressed in West Virginia Code §§ 61-8-12 and 61-8b-12 do not extend to smoking marijuana. Furthermore, petitioner was not convicted of any crimes. As such, we find that the circuit court erred in adjudicating petitioner as an abusing parent for the sole act of smoking marijuana without further evidence that his conduct harmed, or was a threat of harm, to H.W.'s health or welfare.

Furthermore, this Court is troubled that the DHHR failed to properly consider the significant issue of whether petitioner abused or neglected his child for failing to protect him from the alleged deplorable conditions while in A.W.'s home. We note that pursuant to Rule 19 of the Rules of Procedure for Child Abuse and Neglect Proceedings, the DHHR may file an amended petition setting forth this allegation if it finds factual support to do so following further investigation.

For the foregoing reasons, we find that the circuit court erred in adjudicating petitioner as an abusing parent and reverse the "Adjudication Hearing Order" entered on February 29, 2016, as it pertains to petitioner only. As such, we remand the matter to the circuit court for the entry of an order dismissing petitioner from the proceedings in light of the lack of evidence that he abused or neglected the child at issue.

Reversed and Remanded.

**ISSUED**:  September 6, 2016


**CONCURRED IN BY**:

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman

**DISSENTING AND WRITING SEPARATELY:**

Chief Justice Menis E. Ketchum
Justice Allen H. Loughry II

LOUGHRY, Justice, dissenting, joined by KETCHUM, Chief Justice:

I am troubled by the DHHR's inadequate handling of the abuse and neglect petition against the father, R.W., who is the petitioner herein. A review of the appendix record reveals that the DHHR did almost nothing to pursue the issue of whether the father's admitted drug use caused any harm or risk of harm[5] to his child, even though drug use was the basis for the abuse and neglect charge against the father. Instead, the DHHR relied upon R.W.'s uncorroborated

---

[5]West Virginia Code § 49-1-201 (2015) defines "abused child" to include a child whose health or welfare is actually harmed or "threatened" with harm.

4

testimony as to the frequency and impact of his drug use. Moreover, in the circuit court proceedings, the DHHR overlooked the serious possibility that the petitioner was an abusing parent for failing to protect his child from the harm and risk of harm suffered in the mother's home. *See* Syl. 3, 4 & 7, *W.Va. DHHR v. Doris S.*, 197 W.Va. 489, 465 S.E.2d 865 (1996) (explaining that child abuse includes knowingly allowing another person to commit abuse, and "knowingly" means being presented with sufficient facts from which to recognize abuse). In its response brief on appeal, the DHHR urged this Court to affirm R.W.'s adjudication because he failed to protect the child from the mother—but this assertion was neither raised in the abuse and neglect petition nor pursued during the adjudicatory hearing.

In my opinion, this case should be remanded to the circuit court with directions for the DHHR to file an amended abuse and neglect petition and for the holding of an adjudicatory hearing to address all of the dangers faced by this seven-year-old child. Instead of merely suggesting that an amended petition might be filed, this Court should compel the DHHR to do its job. We have held that

> [i]n cases involving the abuse and neglect of children, when it appears from this Court's review of the record on appeal that the health and welfare of a child may be at risk as a result of the child's custodial placement, regardless of whether that placement is an issue raised in the appeal, this Court will take such action as it deems appropriate and necessary to protect that child.

Syl. Pt. 6, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). In a similar vein, we declared that

> "[t]o facilitate the prompt, fair and thorough resolution of abuse and neglect actions, if, in the course of a child abuse and/or neglect proceeding, a circuit court discerns from the evidence or allegations presented that reasonable cause exists to believe that additional abuse or neglect has occurred or is imminent which is not encompassed by the allegations contained in the Department of Health and Human Resource's petition, then pursuant to Rule 19 of the Rules of Procedure for Child Abuse and Neglect Proceedings [1997] the circuit court has the inherent authority to compel the Department to amend its petition to encompass the evidence or allegations." Syl. Pt. 5, *In re Randy H.*, 220 W.Va. 122, 640 S.E.2d 185 (2006).

Syl. Pt. 10, *In re T.W.*, 230 W.Va. 172, 737 S.E.2d 69 (2012). In *T.W.*, this Court ordered that, upon remand, the DHHR was to amend its petition to include allegations of abuse and neglect that were not previously asserted. *Id.* at 181, 737 S.E.2d at 78.

Because the majority of this Court chooses to reverse the petitioner father's adjudication without requiring an adequate investigation or adjudicatory hearing to ensure the child's safety and welfare, I respectfully dissent.[6]

---

[6]The circuit court was also dissatisfied with the DHHR's performance, finding that a DHHR worker made a false representation in the verified abuse and neglect petition and holding the DHHR in contempt for its failure to arrange court-ordered visitation.